UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ARZUAGA, : | |
| Plaintiff, : | |
| : | 3:03CV00558 (WIG) |
| v. : | |
| : | |
| CAPTAIN MAURICE BUTLER, : | |
| BRIAN COUTURE, : | |
| ERIC PENSVALLE, : | |
| JASON MELBOURNE, : | |
| P.CASTONGUAR, : | |
| DENNIS OGLESBY, : | |
| C.O. CICCHETI, : | JUNE 6, 2005 |

## A M E N D E D   C O M P L A I N T

1. This is an action for money damages arising from the violation of the plaintiff's right to be free from excessive force and his right to adequate medical care as a sentenced inmate as guaranteed by the Eighth Amendment to the United States Constitution. The plaintiff also brings supplemental state law claims of assault and battery.

2. Jurisdiction of this Court is invoked under provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. At all times relevant to this Complaint, the plaintiff was, and he remains, a prisoner and sentenced inmate in the care and custody of the State of Connecticut Department of Corrections incarcerated at the Northern Correctional Institution in Somers, Connecticut.

4. Defendant Maurice Butler was at all times relevant to this Complaint, and he remains, a captain and unit manager of the Connecticut Department of Corrections.

He is sued in his individual capacity only.

5.     Defendants Brian Couture, Eric Pensvalle, Jason Melbourne, P.Castonguar were at all times relevant to this Complaint, and they remain, corrections officers employed by the Connecticut Department of Corrections. They are sued in their individual capacitIES only.

6.     Defendant C.O. Ciccheti was at all times relevant to this Complaint, and he remains, a correctional officer for the Connecticut Department of Corrections. During the incident he was acting as a cameraman.  He is sued in his individual capacity only.

8.     At all times relevant to this action, the defendants' each of them, were acting under color of law.

9.     At all times relevant to this action, the defendants, each of them, had a duty to refrain from violating the constitutional rights inmates, and each officer had both the duty and opportunity to prevent other law enforcement officers from violating the rights of the plaintiff.

10.     On or about April 8, 2002, the plaintiff sought to discuss concerns about the conditions of his confinement with defendant Butler. Defendant Butler refused to listen to the plaintiff.

11.     The plaintiff thereafter covered the window of his cell with toilet paper as a means of protesting defendant Butler's refusal to communicate with him.

12.     Defendant Butler then called the Correction Emergency Response Team, hereinafter CERT, to respond to the plaintiff's cell. Upon information and belief, CERT is a unit in the Department of Corrections specially trained to respond to dangerous situations.  The defendants oN the CERT unit are Brian Couture, Eric Pensvalle, Jason

Melbourne, and P. Castonguar.

13.     The CERT team and Department of Correction officials responded to the plaintiff's cell, and ordered the plaintiff to remove the toilet paper from his window and present his wrists through a trap in the door for handcuffing. The plaintiff attempted to comply with these orders, and offered no resistance of any kind.

14.     A member of the CERT team then sprayed pepper spray in the plaintiff's cell, making it difficult for the plaintiff to breath.

15.     As the CERT team entered the cell, the plaintiff remained calm in his cell and surrendered to the handcuffing.

16.     Members of CERT then proceeded to pummel the plaintiff with their fists and other hard objects, striking the plaintiff in the face, head and torso.

17.     During the entire period during which CERT members used unnecessary and unreasonable force, defendants Butler, Oglesby, and others stood by and watched, refusing to stop, or attempt to stop, the unlawful actions of the CERT members.

18     As a direct and proximate result of the acts and omissions of the defendants herein described, the plaintiff suffered injury to his face, bruises and contusions to his body and injury to his left hand.

19.     The plaintiff requested medical attention repeatedly for a period of several weeks for these injuries, but was denied medical attention by the defendants in reckless disregard for his Constitutional rights.

20.     The plaintiff has exhausted his remedies under the Department of Correction Administrative Grievance procedure as required by the Prison Litigation Reform Act.

21. As a direct and proximate result of the acts and omissions of the defendants herein described, the plaintiff suffered physical and emotional pain, anxiety and terror, as well as the loss of the constitutional rights described herein.

25. The acts of each of the defendants were intentional and inspired by malice.

WHEREFORE, the plaintiff seeks damages as follows:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys fees and costs;

    d.    Such other relief as this Court deems fair and equitable.

THE PLAINTIFF

BY:_____
NORMAN PATTIS
Federal Bar No. ct13120
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
His Attorney

## **CLAIM FOR TRIAL BY JURY**

The plaintiff claims trial by jury of the issues in this case.

THE PLAINTIFF

BY:_____
NORMAN PATTIS
649 Amity Road
Bethany, CT 06524
203.393.3017
203.393.9745 (facsimile)
Federal Bar No. ct13120
His Attorney

## **CERTIFICATION**

The foregoing was mailed this 6th day of June 2005 to Michael Lanoue, 110 Sherman Street, Hartford, CT 06510.

_____
NORMAN A. PATTIS