UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE ARZUAGA | : | CIVIL NO. 3:03CV558 (WIG) |
| V. | : | |
| MAURICE BUTLER, ET AL | : | NOVEMBER 9, 2005 |

## ATTACHMENT A

### Plaintiff's Proposed Voir Dire

1. This is a lawsuit for civil rights violations brought by a prison inmate against Department of Corrections officers. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that prison inmates who believe that they have been treated illegally and unfairly should not bring suit against prison officials? If so, please explain.

4. Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity? If so, please explain.

5. Have you or anyone close to you ever been employed by any municipality or state agency in the State of Connecticut?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a prison official more or less than that of an prison inmate merely because the testimony came from a prison official?

13. Does anyone here have any feeling that the testimony of a prison official is entitled to greater or lesser weight or believability than that of a prison inmate?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested?

17. Has anyone here ever witnessed an arrest?

18. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19. Where are you employed?

20. If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE ARZUAGA | : | CIVIL NO. 3:03CV558 (WIG) |
| V. | : | |
| MAURICE BUTLER, ET AL | : | NOVEMBER 9, 2005 |

**ATTACHMENT C**

**Plaintiff's Proposed Jury Instructions**

Plaintiff adopts the Defendant's proposed jury instructions except for the following:

1. The Plaintiff requests that Paragraphs 38, 53 and 60 of the Defendant's proposed jury instructions be deleted.

2. The Plaintiff requests that Paragraph 46 be modified to the following:

> It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3. Plaintiff requests that the following be added to the general instructions:

> The testimony of a prison official is entitled to no special or exclusive sanctity. An official who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of prison officials you should not believe them merely because they are so employed.

> You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including prison officials, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

4. Plaintiff requests that the following be added to the instructions regarding damages:

> If you find that the defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:
>
> a) The physical harm to the plaintiff during and after the impairment or injury received;
>
> b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;
>
> Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of

loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

You may also decide whether the plaintiff is entitled to the award of any punitive damages. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

1) Willful or malicious violation of the constitutional rights of the plaintiff;

2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine

> repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

5. The Plaintiff requests that all jury instructions regarding immunity be stricken from the proposed jury instructions. The issue is a mixed question of law and fact and is not appropriate for the jury to determine.

6. The Plaintiff requests that Paragraph 48 though Paragraph 60 be stricken and replaced with the following:

> Jose Arzuaga, the plaintiff in this case, was a prisoner serving out his sentence as an inmate at the time of the events which are at issue in this trial. As a sentenced prisoner, he had a federal constitutional right, under that part of the Bill of Rights known as the Eighth Amendment, to be free from cruel and unusual punishment. "Cruel and unusual punishment" in the context of a guard's use of force against a prisoner simply means any unnecessary and wanton infliction of pain upon an inmate. Thus, the plaintiff must prove three things if he is to prevail here: (1) that the defendant inflicted pain upon him; (2) that the defendant's action was unnecessary; and (3) that the defendant's action was wanton. Wantonness does not have a fixed meaning, but must be determined with due regard for differences in the kind of conduct against which the Eighth Amendment is meant to protect prisoners. Whether conduct is wanton is determined not from the effect of the conduct upon the prisoner but from a determination of the guard's state of mind. Whether the defendants' conduct was wanton can be determined by asking yourself whether the force that they used was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm to the prisoner. Factors which you should consider in making this determination include the threat, if any, which the guard perceived, whether that perception was a reasonable one, the need for the use of force, the efforts made to minimize the force used, the

      relationship between the need for using force and the amount of force used, and the degree of injury inflicted.[1]

7. The Plaintiff requests that Paragraph 72 be stricken from the proposed jury instructions as this issue is a question of law for the court.

---

[1] Davidson v. Flynn, 32 F.3d 27, 29-30 (2d Cir. 1994) (Newman, C.J.); Hathaway v. Coughlin, 99 F.3d 550 (2d Cir. 1996); Pelfrey v. Chambers, 43 F.3d 1034 (6th Cir. 1995); Adalpe v. Lambert, 34 F.3d 619 (8th Cir. 1994); Howard v. Barnett, 21 F.3d 868, 871 (8th Cir. 1994).