UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSE ARZUAGA                          :          CIVIL NO. 3:03CV558 (WIG)

      v.                                          :

MAURICE BUTLER, ET AL.                :          NOVEMBER 9, 2005

<u>**ATTACHMENT B**</u>
<u>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**</u>

### I.      GENERAL INSTRUCTIONS

1.      You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.[1/]

2.      You are not to be concerned with the wisdom of any rule of the law.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

3.      It is your duty as a jury, to deliberate on this case and arrive at a decision based upon the evidence and the law.

---

[1/]      Paragraphs 1-27 and 31-38 are based primarily on jury instructions given by the Court in the case of <u>Coleman v. Siedel</u>, 533 F.Supp. 593 (D.Conn. 1980).  Authority for remaining paragraphs appears as footnotes to each paragraph or was utilized by the Court in <u>Weber v. Perez</u>, Civ. No. B-90-426 (WWE) (D.Conn. March 1995).

4.     Nothing I say in these instructions is to be taken as an indication that the Court has any opinion about the facts of the case.  It is not my function to determine the facts, but rather it is yours.

5.     Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given to you in my instructions.

6.     As the sole judges of the facts, you, the jury, must determine which of the witnesses you believe and what portion of their testimony you accept, and what weight you attach to it.  At times during the trial the court has sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, has instructed that it be stricken from the record and that you disregard it and dismiss it from your minds.

7.     You may not draw inferences from unanswered questions, nor may you consider testimony that has been stricken in reaching your decision.  The law requires that your decision be made solely upon the competent evidence before you.  The items that I have excluded from your consideration have been excluded because they are not legally admissible.

8.     The Court will first direct your attention to certain general principles, which will guide your consideration of the matters which are in litigation, before discussing the specific facts of this case and the law applicable thereto.

9.     You, ladies and gentlemen, are the sole judges of the facts.  You are to find the truth as to the facts and in so doing, to recollect the testimony, and from that recollection of the testimony, including the weighing of that testimony and passing upon the credibility of the witnesses, draw your own conclusions as to what the ultimate facts of the case are.  In so doing, you are not to be

2

governed by what counsel for either of the parties in their arguments may say the testimony was, or even what the Court might say the evidence in the case was; for if your recollection of the factual evidence is different, it is your recollection that must govern.

10.     If you wish to have the courtroom testimony of any witness repeated or verified, you may request the Court by a note from your foreperson, in writing, to have that part of any witness' testimony read back to you by the court reporter.  For, as I previously stated, you are to be the sole judges of the facts.

11.     In weighing the evidence, you are allowed to draw logical inferences from facts which you find to have been proved; but you must not go outside the evidence to find facts, nor to resort to guesswork or conjecture.

12.     The law, you should accept as stated by the Court in this charge; and you should do this without regard to any claims as to the law, which may have been made by counsel for either side during the trial or during the summation arguments; also without regard to any personal convictions you may have yourself as to what the law ought to be, as it applies to the kind of case that has been presented before you here.

13.     When you retire to the jury room, for your deliberations, you will have with you the pleadings, which consist of the plaintiff's complaint and the defendants' answer.

14.     Now, the rights of the parties, whether the plaintiffs' or defendants', are to be determined within the framework of the statements they have set out in these papers, the pleadings.  You should always bear in mind, however, that the pleadings are not evidence, but merely a formal manner of reciting what the parties' respective legal claims are.

15.     In the complaint, the plaintiffs set out the facts which they rely upon for establishing the basis for the recovery of monetary damages; and in their answer, the defendants admit or deny certain allegations of the complaint, or sometimes say that they simply do not know enough about them to say whether they are true or not; which, for your purposes is equivalent to a denial of their truth.  The defendants have also alleged specific Affirmative Defenses.

16.     The mere fact that the plaintiff is here in Court with a claim for damages does not, of course, in and of itself, prove the truth of his allegations; nor does it necessarily follow that there is merit to his claims.

### **MULTIPLE DEFENDANTS**

17.     In his complaint, the plaintiff alleges various acts or omissions with regard to each of the defendants.     The plaintiff has the burden of proving by a fair preponderance of the evidence with regard to each defendant that the individual defendant against whom these acts or omissions are alleged did in fact engage in such conduct and that these acts or failure to act violated the plaintiff's rights as alleged in the complaint and were the proximate cause of the plaintiff's injury.

18.     There are numerous defendants in this action and although the claims against each are being tried in one case for the convenience of everyone, you must remember that each defendant is being sued individually and is responsible only for his own acts.

19.     You must therefore consider the plaintiff's allegations against each of the defendants and decide whether the plaintiff has proven by a fair preponderance of the evidence that the individual defendant has committed the acts or omissions which the plaintiff has alleged and that this was the proximate cause of the plaintiff's injury.  By the term "proximate cause" I mean

whether or not the individual conduct of the defendants as you find it was a substantial factor in causing the plaintiff's injury.

### BURDEN OF PROOF

20.    Before you can find for the plaintiff, therefore, against any of the defendants you must find that the plaintiff has carried his burden of proof by proving his allegations against the defendant by a fair preponderance of the evidence.

21.    Now, what do I mean by a fair preponderance of the evidence?  What is the measure of this weight or burden?  Well, it is simply this:  the plaintiff has the burden of proving by the better evidence, the weightier evidence, that the proposition or propositions which he advances are so, that they are true.  Of course, you cannot literally weigh evidence on a imaginary pair of scales, although we use that term.  But, if you could weigh evidence on an imaginary pair of scales for, or against a proposition, if it were in balance, that is, equal balance, then the burden that the plaintiff is required to meet would not be met.

22.    If from all the evidence, you cannot tell whether a proposition has been sustained or not, of necessity you have to find that the burden has not been met.  But, if it preponderates - that is, if the evidence produced by the plaintiff who has the burden of proof ever so slightly in his favor, then that burden has been met.  You will note that the rule in a civil case does not require that proof must be beyond a reasonable doubt; such is the rule only in criminal cases.

23.    It is not required that each defendant come into Court and attempt, if he does not so desire, to dispute the claims of the plaintiff or to minimize the damages which he claims; and he is not required to produce any evidence one way or another.  A defendant may, of course, as he

has done in this case, present such evidence as he chooses, and cross-examine the plaintiff's witnesses.

24.     All of the testimony must be weighed by you,  including that which is brought out on cross-examination and that which the defendant himself has presented and all the facts admitted in the pleadings and the other evidence in the case, in determining whether or not the plaintiff has established his claims, by a fair preponderance of the evidence.

25.     In this case, in determining whether or not the plaintiff has established and proved by a fair preponderance of the evidence the allegations of his complaint, the Court makes reference to the words "prove" or "find" with reference to the burden which rests upon the plaintiff here. However, throughout this jury charge you will understand, when I say the plaintiff has to prove a fact to you or that you may find a fact based upon the proof in the case, I mean that he must prove to you with this degree of proof that I have just defined; that is by a fair preponderance of the evidence, even though I simply use the word "prove" or the word "find".

26.     In other words, in a civil action, such as this, the burden is on the plaintiff to prove this claim by a preponderance of the evidence.  If he should fail to do so, then you should find for that defendant.   To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

27.     Putting it another way, "establishing something by a preponderance of the evidence" means that you are convinced what is claimed to have happened, most likely did so.  It is the

6

plaintiff's burden to produce evidence, if he can, that will convince you that the actions of a defendant as applied to the plaintiff, violated the law.

## DIRECT/CIRCUMSTANTIAL EVIDENCE

28.     There are, generally speaking, two types of evidence from which a jury may properly find the facts in a case.  One is direct evidence, such as the testimony of an eyewitness or a participant, a person who was there or who saw or heard something.  The other is indirect or what is often referred to as circumstantial  evidence -- the proof of  chain of circumstances pointing to the existence or nonexistence of certain facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but it does require that you the jury find the facts in accordance with a fair preponderance of all the evidence you find credible in the case, both direct and circumstantial.

29.     The party upon whom rests the burden of proving a fact or issue has sustained that burden if all of the evidence, including both that presented by the plaintiff and that presented by the defendant considered fairly and impartially, induces in your mind a reasonable belief that it is more probable than otherwise that such fact or issue is true.

30.     In this connection, however, I must caution you, that while you may make deductions and draw conclusions from proven facts, you may not draw inferences from other inferences. Likewise, you must not resort to speculation, conjecture or guesswork in order to determine critical facts in the case.  This rule applies to the liability and damage issues in the same manner as it applies to the remainder of the factual issues.

**<u>WITNESSES</u>**

31.    Now in respect to the credibility of witnesses:  The credibility of witnesses and the weight to be given to their testimony are matters, which it is peculiarly your function to determine.

32.    In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness.  You should consider any possible bias or prejudice he may have, whether for or against the plaintiffs or the defendants; his interest or lack of interest, of whatever sort in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

33.    You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action.  If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it.  In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

34.    The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine.  When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear in mind, and scrutinize the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it that weight

which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

35.    If, however, you conclude that a witness has not only testified falsely but that he had done so intentionally or willfully, the fact casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of it.

36.    The law also permits you to consider the criminal conviction record of a witness in assessing his credibility and whether he is being truthful.  Rule 609(a), Federal Rules of Evidence.

37.    The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  A exception to this rule exists as to persons we call "expert witnesses."  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

38.    All of the defendants in this case are experts to some degree or another in the area of maintaining security and order in a correctional facility.

## II.  FEDERAL CLAIMS
## INSTRUCTIONS ON 42 U.S.C. § 1983
## THE STATUTE

39.    The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen

of the United States or other person within the jurisdiction of thereof to the deprivation of any

rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress.

Authority: Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482

(1982); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Mitchum v.

Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Monroe v. Pape, 365 U.S. 167, 81

S.Ct. 473, 5 L.Ed.2d 492 (1961).

## Burden of Proof

40.    The plaintiff has the burden of proving each and every element of her section 1983 claim

by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section

1983 claim has not been proven by a preponderance of the evidence, you must return a verdict

for the defendants.

The defendants have the burden of proving each element of their affirmative defenses. If

you find that any one of the elements of the defendants' defenses has not been proven by a

preponderance of the evidence, you must disregard the defense.

Authority: Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

## Elements of a Section 1983 Claim

41.    To establish a claim under section 1983, plaintiff must establish, by a preponderance of

the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of

state law;

10

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

**Authority:**  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

### First Element - Action Under Color of State Law

### Definition

42.    The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color or any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  It is not disputed in this case that each of the defendants acted under color of law, so this is not an issue for you to decide.

**Authority:**  Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423

(1939); <u>Home Telephone & Telegraph Co. v. City of Los Angeles</u>, 227 U.S. 278, 33 S.Ct. 312,

57 L.Ed. 510 (1913); <u>Ex parte Virginia</u>, 100 U.S. 339, 25 L.Ed. 676 (1880).

## Second Element - Deprivation of Right

43.      The second element of plaintiff's claim is that he was deprived of a federal right by the

defendants.  In order for the plaintiff to establish the second element, he must show three things

by a preponderance of the evidence:  first, that a defendant committed the acts alleged by the

plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and,

third, that in performing the acts alleged, the defendant acted intentionally or recklessly.

**Authority:**  <u>Maine v. Thiboutot</u>, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980);

<u>Martinez v. California</u>, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); <u>Baker v. McCollan</u>,

443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); <u>Monell v. Department of Social Services of

the City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## State of Mind - General

44.      I instruct you that, to establish a claim under section 1983, the plaintiff must show that

the defendants acted intentionally or recklessly.  If you find that the acts of the defendants were

merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you

must return a verdict for the defendants.

**Authority:**  <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986);

<u>Davidson v. Cannon</u>, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

## State of Mind - Intentional

45.      An act is intentional if it is done knowingly, that is if it is done voluntarily and

deliberately and not because of mistake, accident, negligence or other innocent reason.  In

determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authority:**  Modern Federal Jury Instructions, § 87.03, Instruction 87-76.

### **State of Mind - Recklessness**

46.      An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authority:**  Modern Federal Jury Instructions, § 87.03, Instruction 87-77.

### **State of Mind - Negligence**

47.      An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Again, mere negligence does not constitute a claim for a constitutional violation.

**Authority:**  Modern Federal Jury Instructions, § 87-03, Instruction 87-78.

## EIGHTH AMENDMENT - CRUEL AND UNUSUAL PUNISHMENT
## FIRST CLAIM FOR RELIEF

48.  The federally protected right asserted by the plaintiff in the First Claim for Relief in this case arises from that portion of the Eighth Amendment to the Constitution of the United States which prohibits the infliction of cruel and unusual punishment even upon a convicted felon such as this plaintiff.

49.  You should understand, however, that not every governmental action affecting the interests or well being of a prisoner comes within the scope of the Eighth Amendment.   Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1084 (1986).

50.     To be cruel and unusual punishment conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety.  Whitley, 106 S.Ct. at 1084.

51.     It is intentional   cruelty and wantonness, not mistake or error in good faith, that characterizes the conduct prohibited by the Eighth Amendment.  Whitley, supra at 1084.

52.     The infliction of pain by correctional staff upon a prisoner in the course of maintaining prison security, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable and hence unnecessary in the strict sense.  In making and carrying out decisions involving the use of force to maintain security and order in a prison, correction officials clearly must take into account the very real threats to security present to inmates and correction staff alike.  Id.

53.     The management of prisoners, not usually the most gentle people, may require and justify the occasional use of intentional force.  Not every push or shove, even if it may later seem unnecessary in the peace of a courtroom, violates a prisoner's constitutional rights.  Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) cert. denied 414 U.S. 1033 (1973); see also, Romano v. Howarth, 998 F.2d 101, 105 (2nd Cir. 1993).

54.     The United States Supreme Court and the Connecticut Supreme Court have repeatedly observed that prison administrators are charged with the responsibility of ensuring the safety of prison staff, administrative personnel and visitors.  Whitley, supra; Roque v. Warden, 181 Conn. 85, 434 A.2d 348 (1980).

55.     The application of force by these defendants in a good faith effort to maintain or restore discipline is perfectly lawful and proper.  Id.

56.     Correctional officials may, in order to maintain order and discipline within a correctional facility, use such physical force as is reasonable.  Any action taken pursuant to this statute is entirely lawful and proper.  They may also use force to defend themselves from assault.  Conn. Gen. Stat. §§ 53a-18; 19.

57.     In order for you to find that a defendant violated the Eighth Amendment right of the plaintiff you must find that the defendant consciously disregarded a substantial risk of serious harm to the plaintiff.  It is not sufficient for you to find that the defendants should have known of such risk; you must find that he had actual knowledge.  Farmer v. Brennan, 510 U.S. 825, 837-38 114 S.Ct. 1970, 1978-79 (1994).

58.     In addition, in making these judgment, you shall not base your decision upon the 20/20 vision of hindsight.  You must put yourselves in the place of the defendants during the very

moments when these events were occurring and judge their actions as of that time and under those circumstances.  Graham v. Connor, 490 U.S. 392, 396, 109 S.Ct. 1865, 1872 (1989); Johnson v. Glick, 481 F.2d 1028, 1034 (2nd Cir.), cert. denied 414 U.S. 1033, 94 S.Ct. 462 (1973).

59.    In this regard, you must remember that the plaintiff has sued numerous specific defendants.  It is not enough for the plaintiff to prove that he was struck by a correctional officer. He must prove that he was struck as he alleges in his complaint.  The plaintiff must prove the extent of his injuries by a fair preponderance of the evidence.

60.    If you find that any harm or injury which the plaintiff experienced was not serious, then you should render your judgment for the defendants because the Constitution does not concern itself with de minimus harms.  Wilson v. Seiter, 111 S.Ct. 2321 (1991); Hudson v. McMilliam, 112 S.Ct. 995 (1992); Romano v. Howarth, 998 F.2d 101, 105 (2nd Cir. 1993).

## EIGHTH AMENDMENT - SUPERVISORY LIABILITY

61.    Plaintiff claims that a supervisor of correctional personnel in this case should also be held liable for cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising officials and the alleged constitutional deprivation.  Mere supervisory status, without more, will not create liability.  In order to prove a violation under the Eighth Amendment in this case, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

First:  That defendant was in some way responsible for the supervision of the plaintiff;

Second:  That the plaintiff's constitutional rights were violated during the period of time that the defendant was employed by the Department of Correction.  If no actual constitutional violation occurred, a supervisor cannot be held liable;

Third:  That defendant was either personally involved in the unconstitutional conduct that caused the plaintiff's injury or that the deprivation of constitutional rights took place at the direction of defendant or with his knowledge and acquiescence.

As to the third element, a supervisor may be personally involved in a constitutional deprivation in several ways.  For instance, the supervisor may have directly participated in the infraction or after learning of the violation through a report or appeal, may have failed to remedy the wrong.  The supervisor may have created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue.  Further, the supervisor may have exhibited deliberate indifference to the rights of an inmate by failing to act on information indicating that unconstitutional acts were occurring.  City of Oklahoma v. Tuttle, 471 U.S. 808, 818, 105 S.Ct. 2477, 2433 (1985); Horowitz v. Anker, 437 F.Supp. 504 (E.D.N.Y. 1977), aff'd. mem., 578 F.2d 1368 (2d Cir. 1978); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1977); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974); Williams v. Smith, 781 F.2d 313, 323 (2nd Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2nd Cir. 1974).

## QUALIFIED IMMUNITY

64.     If you find that none of the defendants deprived the plaintiff of his Eight Amendment rights, then you need not consider any of the defendants' special defenses.  However, in the event

that you should find that any of the defendants did deprive the plaintiff of his Eighth Amendment rights, the defendants still may not be liable to the plaintiff. This is so because in a Section 1983 action, an individual defendant, sued in his individual capacity, may be entitled to what is called qualified immunity. The defendants in this action are sued, in part, in their individual capacities.

Qualified immunity shields a defendant official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that prison inmates enjoy a right protected by the Eighth Amendment not to be subject to the malicious and sadistic application of force by a prison official which was intended to cause harm to the inmate. However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions in those circumstances did not violate that clearly established right.

In other words, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of he knew or should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the circumstances which confronted him. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of his or her conduct. You should

not, however, consider what these defendants subject intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in a defendants' situation would believe this conduct to be lawful, then this element will be satisfied.

The defendants have the burden of proving that they neither knew or should have known that their actions violated federal law. If a defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that defendant in fact violated the plaintiff's constitutional rights under color of state law. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986).

### III.    STATE LAW CLAIMS

65.    Plaintiff alleges that the defendants committed an actionable assault and battery as defined by state law. Assault and battery exists where a defendant exerts a harmful, unlawful force which causes an injury which was the direct and immediate consequence of the force. An actionable assault and battery may be committed wilfully or voluntarily and therefore intentionally, or done under circumstances showing a reckless disregard of consequences or negligence. 1 Restatement (Second) Torts, § 13; Russo v. Porga, 141 Conn. 706, 708, 109 A.2d 585 (1954).

66.    No actionable assault and battery exists where any force used was justified to maintain order in the prison, or in self-defense against an unprivileged harm or offensive contact or other

bodily harm which is about to be intentionally inflicted.   Conn. Gen. Stat. § 53a-18(2); 1

Restatement (Second) Torts, § 63.

67.     Plaintiff also alleges that the defendants committed an actionable abuse of process as

defined by state law.  Abuse of process is the misuse of process regularly issued, to accomplish a

purpose for which it was not designed.  3 Restatement (Second) Torts, § 682.  The testimony in

this case does not support any such claim and instruct you to disregard it, inasmuch as no process

was issued in this case, as defined by Connecticut law and that which was issued was used for

the purposes for which it was designed.  Varga v. Pareles, 137 Conn. 663, 667; Schaefer v. O.K.

Tool Co., Inc., 110 Conn. 528; D.Wright v. J.Fitzgerald, Connecticut Law of Torts, (2nd Ed.)

§ 163; Restatement, supra, comment b.

## STATE LAW IMMUNITIES

68.     The law provides that as a public officer he is not subject to tort liability for an act or

omission if (a) he is immune because he engaged in the exercise of a discretionary function, (b)

he is privileged and does not exceed or abuse the privilege; or (c) his conduct was not tortious

because he was not negligent in the performance of his responsibility.  The defendants are not

liable under these privileges.

     **Authority:**  4 Restatement (Second) Torts § 895(D)(3).

69.     By state statute applicable here, state employees are immune from liability under Conn.

Gen. Stat. § 4-165 which reads, in pertinent part, as follows:

     No state officer or employee shall be personally liable for damage or injury, not wanton,

reckless or malicious, caused in the discharge of his duties or within the scope of his

employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter (Chapter 53, Conn. Gen. Stats.).

This statute provides that any person having claim for such damage or injury against the defendants is required, instead of suing the employee, to present it as a claim against the state before the State Claims Commissioner.

The terms "wanton" and "reckless" and "malicious" in this statute essentially describe willful misconduct caused by design.

**Authority:** Futterleib v. Mr. Happy's, Inc., 16 Conn. App. 497, 509-10, 528 A.2d 728 (1988); Milford v. Swarbrick, 24 Conn. Sup. 320, 323, 190 A.2d 493 (1963).

70.     The test for whether conduct occurred in the discharge of duty or scope of employment in this statute is found in the nature of the allegedly tortious act, and its relation or nonrelation to that which the actor was employed to do.

**Authority:** 85 Conn. Op. Atty. Gen. 145, 148 (1985) citing Rappaport v. Rosen Film Delivery Systems, Inc., 127 Conn. 524, 526, 18 A.2d 362 (1941); see also, Phipps v. Niejadlik, 175 Conn. 424, 399 A.2d 1256 (1978).

71.     Under this statute, the defendants did not act wantonly, recklessly or maliciously, nor outside the scope of their employment or discharge of duty, thus a verdict should be rendered for them because such claims are barred by statute.

**Authority:** State v. Sullivan, 189 Conn. 550, 551-52, 457 A.2d 304 (1983); Tucker v. White, 33 Conn. Sup. 546, 548, 359 A.2d 190 (1976).

72.     Any person seeking damages from a state employee in situations barred by Conn. Gen. Stat. § 4-165 must, instead, file a claim with the State Claims Commissioner who can authorize

suit or award money damages.  This is an administrative remedy and failure to exhaust it is grounds for dismissal of the suit.  There is no allegation or proof in this case that the Claims Commissioner has authorized suit, and a verdict should be rendered for the defendants in any such circumstances, where you find that the defendants acted within the scope of their employment or discharge of duty and not wanton, reckless or malicious.

**Authority:**  Doe v. Heintz, 204 Conn. 17, 33-37, 526 A.2d 1318 (1987).

## INDIVIDUAL LIABILITY

73.    Let me point out at this juncture, and stress, that you must consider the actions of each defendant individually in determining whether or not to find liability under any of the plaintiff's theories.  Particularly with respect to the Constitutional violations, personal involvement in the constitutional deprivation is a prerequisite to an award of damages.  Also, supervisory responsibility alone is not enough to confer liability.  You must find a tangible connection between the acts of a defendant and any injuries suffered.  In other words, you most consider the case against each defendant and make a determination against each defendant.  They do not rise and fall together.

**Authority:**  Gill v. Mooney, 824 F.2d 192, 196 (2nd Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2nd Cir. 1977) cert. denied 434 U.S. 1087 (1978); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2nd Cir. 1987); Black v. United States, 534 F.2d 524, 527 (2nd Cir. 1976); Williams v. Smith, 781 F.2d 313, 323 (2nd Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2nd Cir. 1974); Bass v. Jackson, 790 F.2d 260, 263 (2nd Cir. 1986).

## IV.  **DAMAGES**

74.    If you find that the plaintiff has proven his claims, then he is entitled to recover compensatory damages for each and every element of damage and injury which he has proven by a fair preponderance of the evidence was caused by the illegal activity of the defendants.  That is, any injury that would not have occurred if not for the deprivation of the constitutional right or other illegal act of the defendants.

Damages in this case fall into several general categories.  I will instruct you on those separate categories in a moment.

**Authority:**  Nettles v. Griffith, 883 F.Supp. 136 (E.D. Tex. 1995); Morrison v. Stepanski, 839 F.Supp. 1130 (M.D. Pa. 1993); Ryan v. DuPage City, Jury Comm'n, 837 F.Supp. 898 (N.D. Ill. 1993).

75.    Before I begin, I want it to be clear to you that just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.  Alright then, there are three types of damages to consider.  The first is compensatory damages.

### **COMPENSATORY DAMAGES**

76.    If you conclude that the plaintiff was deprived of his constitutional rights, or if you determine that he has proved his state law case, and you determine that a defendant was not justified or immune, then it will be your duty to determine what sum should be allowed him as damages.

The plaintiff is entitled to recover the amount of his actual damages.  You may award actual damages only for those injuries which you find that plaintiff has proven by a

preponderance of the evidence.  Moreover, you may award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of Section 1983.  That is, you may not simply award actual damages for any injury suffered by plaintiff - you must award actual damages only for those injuries that are a direct result of actions by the defendants and that are a direct result of conduct by the defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and the lawful inferences that arise from that evidence.

**Authority:**  Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Batista v. Weir, 340 F.2d 74 (3d Cir. 1985); Familas Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980).

## STATE LAW CLAIMS

77.    With respect to the state law claims, if you find the defendants liable you may award damages for any pain and suffering the plaintiff has proven he has suffered.

**Authority:**  Montinseri v. Southern New England Telephone Co., 175 Conn. 337, 343, 398 A.2d 1180 (1978).

78.    The fundamental rule and principle as to damages is that the amount awarded should be just, fair and reasonable compensation, no more and no less, for the pain, suffering, inconvenience, and losses suffered, if any, as a direct and proximate result or consequence of a

defendant's conduct.  The burden of proving what, if any of these injuries and losses were, and their extent, of course, rests on the plaintiff.

You must not speculate or guess as to damages.  You must bear in mind at all times that the burden on the plaintiff to prove that any claimed element of damage was a proximate consequence or result of the defendants' conduct, as well as to prove the reasonable amount of his damages with respect to any such element.

The plaintiff is entitled to recover full compensation for all damage proximately resulting from the defendants' illegal conduct.  The results for which damages may be awarded must be caused by the defendants' illegal acts, and such acts must have been a substantial factor in producing the damage complained of.  Within those limits, the rule is that, insofar as money can do it, a plaintiff is entitled to receive fair and just compensation for the injuries, and the pain and suffering which were visited upon him.  It is for you, in the exercise of your best judgment, to say what is fair and just compensation.  There is no fixed rule or formula for you to apply.  It is a matter of sound common sense in arriving at the amount of any verdict. Of course, you are bound, as I have said, by the allegations of the pleadings, and the award must be for the matters claimed in the complaint, which have been established by a fair preponderance of the evidence or by clear and convincing proof as the case may be.  You would be entitled to compensate the plaintiff for any pain and suffering from the day of the occurrence.

The purpose of an allowance of damages is not in any way to punish or penalize the defendants.  The true theory is to compensate the plaintiff.

**Authority:**   D.B. Wright, Connecticut Jury Instructions, 2d Ed., Sec. 226; 6 J.R. Fitzgerald and R.B. Yules, Connecticut Trial Practice, App. 4.

## CAUSATION AND DAMAGES

79.    I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been proximately caused by the defendants in violation of Section 1983.  An act is the proximate cause of a harm if the act is a substantial factor causing the harm.  You must distinguish between, on the one hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that a defendant deprived the plaintiff of his rights, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation caused the damages that he claims to have suffered.

If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendants that was legal and partly the result of conduct by them that was illegal, you must apportion the damages between the legal and the illegal conduct - that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

**Authority:**   Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Allen v. Autauga County Bd. of Ed., 685 F.2d 1302 (11th Cir. 1982); Gentile v. County of Suffold, 926 F.2d 142 (2nd Cir. 1991).

## NOMINAL DAMAGES

### DAMAGES FOR THE MERE FACT OF VIOLATION

80.    If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of ten dollars.

Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation.  The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed ten dollars.

**Authority:**  Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

### PUNITIVE DAMAGES

81.    You may also decide whether the plaintiff is entitled to the award of any punitive damages under federal civil rights laws.  In a case like this one, you may consider whether acts or omissions of one or more defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future, they or others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be

based on whether you find that the defendants or any one of them, engaged in any of the following things:

a.  willful or malicious violation of the plaintiff's Constitutional rights;

b.  an intentional act by the defendants in gross disregard of the plaintiff's rights; or

c.  reckless or wanton disregard by the defendants as to whether or not they were violating the plaintiff's rights.

If you find any one of these three things to have been proven then you are free to award punitive damages.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages.  That is, even if the plaintiff can show only limited damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.

**Authority:**  Smith v. Wade, 461 U.S. 30 (1983); Stobler v. Board of Trustees, 474 F.2d 485 (2d Cir. 1973).

## ATTORNEYS' FEES

82.    Lastly, should you reach the issue of damages, I instruct that you may not award, as a component of the plaintiff's damages, any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff with respect to this litigation.  This issue is dealt with in a separate proceeding and is not one for you to decide.

**Authority:**  See Jury Charge by Cabranes, J., Albert, et al. v. Depinto, et al., Civil No. H-82-511 (JAC).

28

## PUNITIVE DAMAGES UNDER STATE TORT LAW

83.     In this action, the plaintiff also seeks punitive damages, on her state law claims.  As I've said, to furnish a basis for the recovery of such damages, the plaintiff must prove that the defendants' actions constituted willful or wanton misconduct.  This amount may be granted above and beyond any amounts for compensatory damages; that is, besides special and general damages.

Under state law, punitive damages consist of reasonable expenses properly incurred by the plaintiffs in the litigation, less taxable costs.  This includes reasonable fees for an attorney and necessary disbursements.

If, when considering the plaintiff's state law claim, you find by a fair preponderance of the evidence that the defendants, or any one of them, acted either intentionally or wantonly against the rights of the plaintiff, you may check the appropriate box on the verdict form thereby indicating that punitive damages should be awarded, and the court in a separate proceeding will determine the amount to be awarded under state law.

I want to be clear about this issue of punitive damages, so let me summarize it again for you here.  If you decide that the plaintiff is entitled to punitive damages on his federal civil rights claims, then you the jury will decide how much, if any, punitive damages shall be awarded.

Conversely, if you decide that the plaintiff is entitled to punitive damages on his state law claims, then merely check the appropriate box and the court will determine the amount of punitive damages to be awarded under state law in a separate proceeding.  Shupack v. Gordon, 79 Conn. 298, 303 (1906).

## ONLY ONE RECOVERY

84.     In considering damages in general, the plaintiff puts forth several grounds for liability.  If you find liability, you may award damages to compensate for the injury, but you may not award damages twice for the same injury.  Having recovered for an injury once, the plaintiff cannot be compensated a second time for the same injury.  Virgo v. Lyons, 209 Conn. 497, 551 A.2d 1243 (1988).