UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE ARZUAGA,                              :

        Plaintiff,                        :

    vs.                                   :          No. 3:03CV0558(WIG)

MAURICE BUTLER,                           :
BRIAN COUTURE,
ERIC PENSAVALLE,                          :
JASON MELBOURNE,
PETER CASTONGUAY,                         :
DENNIS OGLESBY, and
DINO CICCHETTI,                           :

        Defendants.       :          May 1, 2006
_____/

## INDEX TO JURY CHARGE

I. Standard Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        A. Election of Foreperson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        B. Duty of Jurors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        C. Function of the Court and the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        D. Conduct of Counsel  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        E. Statements of the Judge and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . 5
        F. Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        G. Evaluating Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        H. Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . 8
        I. Witness Credibility and Weight of Testimony . . . . . . . . . . . . . . . . . . 10
        J. Impeachment of a Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        K. Uncontradicted Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        L. Evidence of Criminal Conviction . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        M. Correctional Personnel as Witnesses . . . . . . . . . . . . . . . . . . . . . . . . 13
        N. Multiple Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

II. Substantive Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        A. Section 1983 - Constitutional Violation . . . . . . . . . . . . . . . . . . . . . . . 14
                1. Color of State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
                2. Deprivation of a Constitutional Right . . . . . . . . . . . . . . . . . . . 15
                        a. Use of Excessive Force . . . . . . . . . . . . . . . . . . . . . . . . 16
                        b. Failure to Intervene . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        c. Supervisory Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
      3. Proximate Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
  B. State Law Claim - Assault and Battery . . . . . . . . . . . . . . . . . . . . . . . . . 21
  C. Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
      1. Compensatory Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23
      2. Nominal Damages for Constitutional Violation . . . . . . . . . . . . . 24
      3. Punitive Damages for Constitutional Violation . . . . . . . . . . . . . 25
      4. Punitive Damages for State Law Claim . . . . . . . . . . . . . . . . . . . . 26

III. Concluding Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
  A. Use of Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
  B. Note Taking . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
  C. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## I.   STANDARD CHARGE

Members of the jury, you have listened to and seen the evidence in this case, and you have heard the arguments of counsel. I shall now instruct you concerning the law applicable to this case. You will then return to the jury room to deliberate in accordance with these instructions. At the outset, I want to express my thanks to you for the time and energy and patience you have devoted to this trial.

### A.   ELECTION OF FOREPERSON

Your first order of business will be to elect a foreperson who will preside over your deliberations and who will be your spokesperson here in Court. The foreperson's responsibilities are to see that everyone gets a fair chance to speak and to be heard, and the foreperson attempts to maintain harmony and keep tempers and voices down. Also, the foreperson is responsible for sending out any notes that have to be sent to us. Beyond these responsibilities, however, the foreperson is no different than the other jurors. He or she has no greater vote and no greater power than any other juror.

### B.   DUTY OF JURORS

It is your duty as jurors to follow the law as I state it to you in these instructions, and to apply that law to the facts as you find them from the evidence in the case. If any attorney, any party, any witness or exhibit has stated a legal principle different from anything that I state to you in my instructions, you must ignore any contrary interpretations of the law you may have heard and you must follow my instructions.

Even if you have opinions on what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of

3

the Court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

Finally, you must put aside any personal feelings you may have about the parties in this case. You must perform your duties without bias or prejudice as to any party. Our system of law does not permit jurors to be governed or affected by sympathy or by prejudice. All persons must be considered equal before the law.

### C.    FUNCTION OF THE COURT AND THE JURY

It is my function, and indeed my duty, to instruct you on the law applicable to this case. I may state a rule or direction in varying ways, or I may repeat certain instructions. If I do, I am simply trying to explain what might be a complex idea, and I am not intending to give that one particular instruction any emphasis, nor should you infer any emphasis. You are to consider these instructions as a whole. You are not to single out any one instruction or any particular sentence, and ignore the others. Also, the order in which I instruct you about these things has no particular significance.

At this time, your function as members of the jury is to consider the evidence that you have heard in this courtroom and to determine the facts. You are the sole and exclusive judges of the facts. Your determination of the facts is conclusive and it is your recollection of these facts that governs. Therefore, if, upon reflection and deliberation, your recollection of the facts is different from what counsel for the plaintiff or the defendants asserted in their closing arguments, please disregard what the counsel for the plaintiff or the defendants have said in that regard and rely solely upon your own recollection. You will get a copy of these instructions to take with you in the jury room.

4

### D.   CONDUCT OF COUNSEL

Counsel for the plaintiff and defendants have had a duty and a right to object when the other side offers testimony or other evidence that he believes is not properly admissible. ~~Counsel also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me, as the Court.~~ You must not allow any preferences or sympathy or feelings about the conduct of counsel for the plaintiff or the defendants to enter into your decision-making process. Any preferences as to counsel for the plaintiff or the defendants or feelings about their conduct must be put aside in your deliberations.

### E.   STATEMENTS OF JUDGE

At times throughout the trial, I was called upon to make rulings on various matters of law. I sustained some objections and I overruled others. Please do not draw any inferences from the fact that I sustained or overruled these objections. For example, if I allowed testimony or other evidence to be introduced over the objections, I did not mean to indicate that I have any opinion as to the weight or effect of such testimony or evidence. If, however, I sustained an objection as to certain questions, you must entirely disregard those questions. Nor should you consider any answers to those questions that may have come out before the objections were sustained. Finally, you should not attempt to infer what the answers to the questions would have been, if the questions had been allowed.

If during the trial I said anything or indicated anything in the questions that I asked of the various witnesses, which may have led you to believe that I am inclined to favor the position of one of the parties, you must completely disregard that. It was not my intention to encroach upon your function in determining the facts of this case. My questions of witnesses

were asked purely for purposes of clarification and to attempt to assist you in understanding the case.

**F.**    **BURDEN OF PROOF**

Now, I would like to explain the burden of proof. As I mentioned to you at the beginning of trial, this is a civil case. All of you have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you have to put it out of your mind.

In all civil cases, the plaintiff has the burden of proving each essential element of his claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, he must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained his burden of proof and you must render a verdict in his favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof has failed to sustain his burden of proof and your finding must be for the other party. To put it differently, if you were to put all of the plaintiff's evidence on one side of a scale, and all of

6

the defendant's evidence on the other side of the scale, the plaintiff would have to make the scales tip somewhat in his favor. If he fails to meet this burden, the verdict must be for the defendant.

In this case, the defendant have asserted what we refer to as an "affirmative defense." What this means is that, for the defense that is being asserted, the party asserting the defense has the burden of proving to you by a fair preponderance of the credible evidence each issue of fact that you are to decide.

In evaluating whether a party has carried the burden of proof by a preponderance of the evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find have been proved. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

## G. EVALUATING EVIDENCE

At this point, I want to give you a few words on evaluating the evidence in this case. At the outset, I want to mention that I am not going to review the evidence for you. I am sure the evidence is still fresh in your minds, and counsel for the plaintiff and the defendants have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is still your recollection that controls, not mine. And, of course, this applies to the closing arguments of counsel for the plaintiff and the defendants.

In performing your crucial responsibility of finding the facts, you must base your conclusions solely and exclusively upon the evidence that has been presented. There are

7

several types or classifications of evidence:

First, there is the sworn testimony of the witnesses you have heard live here in the courtroom.

~~Second, there are the exhibits, including the videotapes, that have been introduced into evidence, regardless of which party introduced them.~~

Third, there are the parties' stipulations of fact, which I read to you.

While you must consider only the evidence presented in this case, you are permitted to draw reasonable inferences from the testimony and evidence. A reasonable inference is not the result of guesswork or speculation. Rather, it is a conclusion that reason and common sense lead you to draw from the evidence presented in the case.

### H.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct evidence and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness to an event. Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that a fact in dispute in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testifies that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet

umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

~~Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proved, or a fact~~ established, the jury must be satisfied of the proof of that charge or fact by the appropriate standard--preponderance of the evidence--which I just discussed. You must find that the inference asked to be drawn is not only logical and reasonable, but is strong enough so that you can find that it is more probable than not that the fact you are asked to infer is true. You may not resort to sympathy, speculation, conjecture or guesswork -- under the guise of relying on circumstantial evidence -- in order to determine critical facts in this case.

I would also like to review for you what is not evidence. Testimony that has been stricken or excluded by the Court is not evidence and may not be considered by you in rendering your verdict. What counsel for the plaintiff and the defendants have said in their opening statements and closing arguments, in their objections, or in their questions is not evidence. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence, and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. In addition, materials brought forth only to refresh a witness' recollection are not evidence. Finally, anything you have seen or heard outside the courtroom is not evidence in the case and must be entirely disregarded.

## I.    WITNESS CREDIBILITY AND WEIGHT OF THE TESTIMONY

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept as believable, and what weight you attach to it. ~~You are not obligated to accept all of the evidence as true and accurate.~~ In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony. The testimony of a witness might not conform to the facts as they occurred because the witness is intentionally telling a falsehood, because the witness did not accurately see or hear that about which he or she testified, because the witness' recollection of the event is faulty, or because the witness has not expressed himself or herself clearly. As you weigh each witness' testimony, consider how he or she testified on the stand. You watched each witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor--that is, carriage, behavior, bearing, manner and appearance while testifying? Often it is not just what a person says, but how he or she says it that helps us evaluate his or her testimony.

There is no magic formula by which one may evaluate testimony. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you or given to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here.

The factors to be taken into your consideration in determining the weight, if any, you will assign to a witness' testimony include the interest or lack of interest of the witness in the outcome of this case; the bias or prejudice of the witness, if there is any; the appearance of the witness and the manner in which the witness gave testimony on the stand; the opportunity that the witness had to observe the facts about which he or she testified; any reason for the witness to remember or forget, the accuracy of the witness' memory, candor or lack of candor; and the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If in your deliberations it becomes apparent that there is a discrepancy in the evidence, you will have to consider whether the discrepancy may be reconciled by fitting the two or more stories together. If, however, that is not possible, you will have to determine which of the conflicting versions you accept.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any facts or the number of exhibits a party introduced. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## J.    IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it

11

deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness' testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

Generally, a witness' prior inconsistent statements are admitted into evidence solely for the purpose of shedding light on the witness' credibility. Therefore, should you find that a witness' prior statements are inconsistent with his or her testimony, you may consider the prior statements only in connection with your evaluation of the credence to be given to the witness' present testimony in court. That is, you may consider prior inconsistent statements only for the purpose of judging the witness' present testimony in court, and you are not to consider such prior statements for their truth or falsity or for how they bear on the merits of the case. There is an exception to this general rule. If you find that a prior inconsistent statement of a witness was given under oath, subject to the penalty of perjury, that prior statement may be considered by you, both for its own truth or falsity as well as in your evaluation of the witness' credibility.

## K.    UNCONTRADICTED TESTIMONY

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

## L.    EVIDENCE OF CRIMINAL CONVICTION

You have heard evidence that the plaintiff and one of plaintiff's witnesses were previously convicted of crimes. You may consider that information, along with any other pertinent information, with respect to credibility. It is for you to say how much weight, if any, you will give a prior conviction in determining a witness' credibility. You might want to consider whether past crimes involving dishonesty are more relevant than past crimes that did not involve dishonesty, but it is up to you to decide how relevant you think any particular past conviction is to a witness' present truthfulness.

## M.    CORRECTIONAL PERSONNEL AS WITNESSES

In this case, there has been testimony from correctional personnel. Their testimony is entitled to neither special respect nor special suspicion. Correctional personnel who take the witness stand subject their testimony to the same examination and the same tests that any other witness does, and in the case of correctional personnel, you should not believe or disbelieve them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. Use the same tests to judge the credibility of each witness and make your judgment based on a fair evaluation of all the evidence.

## N.    MULTIPLE DEFENDANTS

There are numerous defendants in this action. Although the plaintiff's claims against all of these defendants are being tried in one case, you must consider plaintiff's claims against each defendant separately. While the evidence may in whole or in part be relevant and

13

material to the question of more than one defendant's liability, you must decide plaintiff's claims against each named defendant separately.

Additionally, although there is more than one defendant in this case, it does not follow from that fact alone that if one defendant is liable to the plaintiff, that all defendants are liable. Each defendant is entitled to a fair consideration of the evidence, and no defendant is to be prejudiced should you find against another defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant. This means that you must decide each claim of liability based on the proof of the elements essential to recovery against each defendant separately.

At this time, I want to state for you as simply and clearly as I can the law as it applies to the plaintiff's claims in this case.

## II.    SUBSTANTIVE CHARGE

### A.  SECTION 1983 - CONSTITUTIONAL VIOLATION

Mr. Arzuaga has brought a claim for violation of his federal constitutional rights against six individual defendants. You will have to consider his claims against Brian Couture, Eric Pensavalle, Jason Melbourne, Peter Castonguay, Dennis Oglesby, and Dino Cicchetti under a federal statute, Section 1983 of Title 42, which I will refer to as "Section 1983." Section 1983 provides a private right of action against any person , who, acting under the color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law. Specifically, Section 1983 provides that:

> Every person who, under color of any statute ... of any State . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

14

To establish his claim under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1) that the individual defendant acted under color of state law;

(2) that the individual defendant's conduct deprived him of a right secured by the Constitution or law of the United States; and

(3) that the individual defendant's actions were the proximate cause of the plaintiff's injuries and damages.

## 1. UNDER COLOR OF STATE LAW

The first element that Mr. Arzuaga must prove is that the individual defendant was acting under color of Connecticut state law. Both sides agree that, in connection with the incident that is the subject of this lawsuit, all of the defendants were acting under color of state law. Since this element is not in dispute, you do not need to consider it during your deliberations.

## 2. DEPRIVATION OF A CONSTITUTIONAL RIGHT

Next, Mr. Arzuaga must prove that one or more of the individual defendants, Brian Couture, Eric Pensavalle, Jason Melbourne, Peter Castonguay, Dennis Oglesby, and/or Dino Cicchetti, deprived him of a constitutional right.

The federal right at issue here is the plaintiff's right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment of the United States Constitution. Inmates do not forfeit all constitutional rights by reason of their incarceration. The treatment an inmate receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. An inmate's constitutional rights are

15

subject to restrictions and limitations necessitated by the security needs and objectives of a penal institution. However, there must be a mutual accommodation between those institutional needs and objectives and the provisions of the United States Constitution that are of general application.

### a. USE OF EXCESSIVE FORCE

In the present case, plaintiff claims that defendants, Brian Couture, Eric Pensavalle, Jason Melbourne, and/or Peter Castonguay, used excessive force against him on April 8, 2002, in connection with their performance of a cell extraction. While it is up to you, the jury, to weigh all of the evidence and reach your own determination as to the facts of this case, there are standards for you to apply in determining whether the actions of the defendants constitute excessive force in violation of the Eighth Amendment.

In order for the plaintiff to prove that a particular defendant violated his Eighth Amendment right to be free from cruel and unusual punishment, he must prove that that defendant applied force maliciously and sadistically for the very purpose of causing him harm. An act is performed maliciously if it is prompted by ill will or such gross indifference to the rights of others as to amount to an actual intent or purpose to harm.

The Eighth Amendment forbids the unnecessary and wanton infliction of pain on an inmate. Whether the use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline or whether it was done maliciously or sadistically to cause harm. Not every push or shove by a correctional officer violates an inmate's constitutional rights even if, in hindsight, it may seem to have been unreasonable or unnecessary. It is only intentional cruelty and wantonness, not

mistake or error in good faith, that characterizes the conduct prohibited by the Constitution.

If you find that Mr. Arzuaga has proven that one or more of the defendants acted maliciously and sadistically for the very purpose of causing him harm, he need not also prove that he suffered a significant injury. However, the extent of injuries, if any, is one factor you may consider in determining whether the use of force could plausibly have been thought necessary under the circumstances or whether it was wanton and unnecessary. Additionally, you may also consider the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

In addition, in making this determination, you should not base your decision upon 20/20 hindsight. You must consider the situation facing the defendants during the very moments when these events were occurring and judge their actions as of that time and under those circumstances. Correctional personnel often must make their decisions in haste, under pressure, and frequently without the luxury of a second chance. Life in a correctional institution and relations between the inmates and correctional personnel contain the ever-present potential for violent confrontation and conflagration. Correctional personnel may lawfully take reasonable steps to forestall such a threat; and they may lawfully act in a timely fashion to maintain safety and security. If you find that defendants acted in a good-faith effort to maintain and restore discipline and order, no constitutional violation has occurred. On the other hand, if any defendant acted maliciously and sadistically for the purpose of causing the plaintiff harm, that would have been a violation of plaintiff's constitutional rights.

### b. FAILURE TO INTERVENE

If you find that one or more defendants violated Mr. Arzuaga's constitutional right to be free from the use of excessive force, even if you are unable to identify the particular defendant, you may also find liability on the part of other correctional officers who were present when this violation took place and had a realistic opportunity to prevent the use of excessive force upon plaintiff, yet failed to intervene. Under the Eighth Amendment, correctional officers have an affirmative duty to take reasonable measures to guarantee the safety of inmates. A correctional officer violates that duty if he is deliberately indifferent to a substantial risk of serious harm to an inmate's health or safety, that is, if he is aware of such a risk and disregards it. In order to find a defendant liable for failing to intervene, you must find that the defendant was aware that Mr. Arzuaga was being subjected to the use of excessive force, that the defendant had a reasonable opportunity to intervene to stop the use of excessive force, that the defendant failed to do so, and that the defendant acted with deliberate indifference to Mr. Arzuaga's safety by failing to intervene.

"Deliberate indifference" on the part of a correctional officer is more than recklessness. "Recklessness" requires only proof that a reasonable man would have appreciated the great degree of risk of physical harm to the plaintiff. In order for an act to be "deliberate," the particular correctional officer must have been aware that adverse consequences from his failure to act were certain or substantially certain to follow. Thus, before you can find that any defendant was deliberately indifferent, the plaintiff must prove that the defendant was aware that his failure to intervene was substantially certain to result in a violation of the plaintiff's constitutional rights and that the defendant decided not to act in

18

spite of that knowledge.

### c. SUPERVISORY LIABILITY

Additionally, as to defendant, Dennis Oglesby, who was a supervisor at the time of the incident in question, there is another theory of liability that may apply, assuming you have found a violation of plaintiff's constitutional rights by one of the subordinate officers. His liability, if any, may be premised on a theory of supervisory liability.

Thus, if you find that the conduct of the any of the subordinate correctional officers, defendants Brian Couture, Eric Pensavalle, Jason Melbourne, Peter Castonguay, and/or Dino Cicchetti, denied plaintiff a right guaranteed by the Constitution, then you must consider whether one or more of their supervisors caused that conduct. If the supervisor did cause the conduct, then he is liable under the civil rights statute for the denial of plaintiff's constitutional rights.

The standards for assessing whether the supervisor proximately caused plaintiff's unconstitutional injury are different from the standards for assessing the subordinate's liability. If the subordinate violated plaintiff's constitutional right, a supervisor is not liable for such violation simply because of the supervisory relationship. Rather, a supervisor will be liable for violating the plaintiff's constitutional rights (1) if he directly participated in the violation; (2) if he exhibited deliberate indifference to the plaintiff's rights by failing to intervene when he knew unconstitutional acts were occurring or when he received information indicating that unconstitutional acts were occurring; or (3) if he was grossly negligent in supervising subordinates, knowing that his failure to supervise would probably cause a deprivation of the plaintiff's rights by the subordinate, who caused the violation.

19

A defendant, who is a supervisor, may not be held liable merely by his connection to the events through links in the chain of command or merely because his subordinate violated the plaintiff's constitutional rights.

### 3. PROXIMATE CAUSE

Third, if you find that Mr. Arzuaga was denied his right to be free from cruel and unusual punishment, you must decide whether the actions of any of the defendants was the "proximate cause" of the injury or damage that plaintiff sustained. An injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission. The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury or damage; and in such case, each may be a proximate cause.

As I previously instructed you, because this case involves multiple defendants, in order to find a particular defendant liable to plaintiff for violating his constitutional rights, you must consider whether plaintiff has proven by a preponderance of the evidence that that particular defendant's acts or failure to act were the proximate cause of plaintiff's injury or damage, in other words, whether the conduct of that individual defendant was a substantial factor in causing the plaintiff's injury or damage.

## B. STATE-LAW TORT - ASSAULT AND BATTERY

Mr. Arzuaga also claims that the defendants, Brian Couture, Eric Pensavalle, Jason Melbourne, and/or Peter Castonguay, subjected him to the civil tort of an assault and battery in violation of Connecticut law. Assault and battery is defined as the unlawful application of force or violence to the person of another. The definition involves two elements: (1) force or violence must be applied to the person of another; and (2) the application of the force or violence must be unlawful. An actionable assault and battery must have been committed wilfully or voluntarily and, therefore, intentionally, or done under circumstances showing a reckless disregard of the consequences.

It does not matter how little or how great was the force or violence. But the application of force or violence must be unlawful and unjustified, that is, the result of the wanton, reckless or malicious acts of the defendant. If the conduct is lawful, it would not constitute an assault. Thus, no actionable assault and battery exists where the force used was justified to maintain order in the prison, or in self-defense against an unprivileged harm or offensive contact or other bodily harm which is about to be intentionally inflicted.

In this case, the defendants contend that they were justified as correctional officers to use physical force to maintain order and discipline. I instruct you that Connecticut General Statutes, Section 53a-18, specifically authorizes a correctional officer to use reasonable physical force as follows:

> The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:...
>
> (2) An authorized official of a correctional institution or facility may, in order to maintain order

21

and discipline, use such physical force as is reasonable and authorized by the rules and regulations of the department of correction.

Thus, the defendants claim that they were authorized to use force against the plaintiff and, accordingly, are not liable for assault and battery. The burden rests with the defendants to prove to you that their acts and conduct were justified in order to maintain order and discipline. If you find that the force used was reasonable to maintain order and discipline, then the correctional officers were justified and they are not liable to the plaintiff for assault and battery under Connecticut law. However, if you find that the force was not reasonable under the circumstances, and was the result of either wanton, reckless or malicious behavior, then the defendants committed an assault and battery.

To assess damages against a defendant for assault and battery, you must, of course, find that that defendant's conduct was a proximate cause of harm or injury to Mr. Arzuaga and, of course, as I have previously instructed you, you must consider the claims against each defendant individually.

## C. DAMAGES

Now, if you find for the defendants, you do not need to consider damages. If, however, you have found for the plaintiff on one or more of his claims, you must next consider the issue of damages, which is the amount of money to be awarded.

The fact that I am instructing you on the subject of damages does not mean that I have an opinion, one way or the other, on whether you should or should not reach the issue of damages in your deliberations. Instructions on damages are given for your guidance in the event you do reach the issue of damages. Damages that may be awarded in a case such as this

fall into several categories, and I will instruct you on those categories of damages.

## 1. COMPENSATORY DAMAGES

If you have found that Mr. Arzuaga's constitutional rights were violated by one or more of the defendants, or if you have found that one or more of the defendants committed an assault and battery on him, then it is your duty to determine what amount of money should be awarded to him as "compensatory damages" for the injuries that he sustained. You should bear in mind that the plaintiff has the burden of proving by a preponderance of the evidence both that he was damaged and the extent of those damages. The amount of damages must be reasonably calculated to make Mr. Arzuaga whole for the injuries that he has suffered as a result of the defendants' conduct. Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct.

Compensatory damages may be awarded for physical pain and suffering Mr. Arzuaga experienced and will experience in the future as a result of any constitutional violation or state tort you find to have been committed. Compensatory damages may also be awarded to compensate the plaintiff for any humiliation, embarrassment, fear, emotional anguish, and/or anxiety that he suffered at the time of the incident or which he may with reasonable certainty be expected to suffer in the future. It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiff insofar as money will compensate him for the damages that he has sustained.

In assessing the plaintiff's damages, be aware that the law places the burden on the plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable

certainty. While it is not necessary that the plaintiff prove the amount of damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances. You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for the estimation or approximation is shown with reasonable certainty, such that you are not making a calculation by guessing or by speculation. Actual damages cannot be based on sympathy, and you cannot award compensatory damages more than once for the same injury.

Additionally, I instruct you that Mr. Arzuaga may not recover twice for the same injury. Accordingly, if you find that Mr. Arzuaga is entitled to a verdict on both of his claims, you may not compensate him twice for any injury he may have suffered.

Lastly, should you reach the issue of damages, I instruct you that you may not award, as a component of plaintiff's damages, any sum intended to cover attorney's fees that may have been incurred by the plaintiff with respect to this litigation. This is a matter for the Court to resolve in a separate proceeding.

## 2. NOMINAL DAMAGES – CONSTITUTIONAL VIOLATION

If you find that Brian Couture, Eric Pensavalle, Jason Melbourne, Peter Castonguay, Dennis Oglesby, and/or Dino Cicchetti violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of his constitutional rights having been violated by the defendant, then the plaintiff is entitled to an award of nominal damages for that harm. Nominal damages, however, are generally set in the amount of $10.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that the plaintiff has

24

suffered no damages as a result of the defendant's conduct, other than the fact of a constitutional deprivation, then you must award nominal damages of $10.00. I instruct you, however, not to consider the award of nominal damages as trivial.

### ~~3. PUNITIVE DAMAGES - CONSTITUTIONAL VIOLATION~~

If you find that any of the defendants, Brian Couture, Eric Pensavalle, Jason Melbourne, Peter Castonguay, Dennis Oglesby, and/or Dino Cicchetti, intentionally violated Mr. Arzuaga's right to be free from cruel and unusual punishment and you awarded Mr. Arzuaga compensatory damages or nominal damages, you have the option of making a separate and additional award of punitive damages. However, you are under no obligation to award punitive damages. That is a decision that is up to you.

The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct. If you find the issues in favor of the plaintiff and awarded compensatory or nominal damages on his constitutional claim, and if you further find that the acts of one or more of the defendants were done maliciously and sadistically or due to a reckless or callous disregard or indifference to the rights of plaintiff, then you may assess punitive damages against those defendants on plaintiff's constitutional claims as you find proper.

An act is performed maliciously if it is prompted by ill will or such gross indifference to the rights of others as to amount to an actual intent to harm. An act is reckless if it is performed with a serious or callous disregard for its consequences. You may not award any damages, including punitive damages, if you find that Brian Couture, Eric Pensavalle, Jason

Melbourne, Peter Castonguay, Dennis Oglesby, and/or Dino Cicchetti were merely mistaken or negligent in his conduct. Thus, in making your punitive damages determination, you must determine whether Mr. Arzuaga has proved that the individual defendants acted with an evil motive or intent or recklessly disregarded Mr. Arzuaga's rights.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages. You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

## 4.  PUNITIVE DAMAGES - STATE-LAW CLAIM

Additionally, the plaintiff seeks punitive damages on his state-law claim of assault and battery. If you find that any of the defendants are liable to the plaintiff on his claim of assault and battery, and if you find that the defendants' actions constituted willful or wanton misconduct, then you may find that the plaintiff is entitled to an award of punitive damages on his state-law claim against those defendants. Under state law, the amount of punitive damages to be awarded is determined by the Court in a separate proceeding. Therefore, applying the standard that I have just described to you, you must determine only whether punitive damages should be awarded against a particular defendant on plaintiff's state-law claim of assault and battery. The Court will determine the amount to be awarded in a later proceeding.

### III.  CONCLUDING INSTRUCTIONS

#### A.  USE OF VERDICT FORM

To assist you in your deliberations, you will have a special verdict sheet that you must complete and return to the Court when you have reached your decision.  You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous.  When you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the verdict form.  You will then inform the marshal that you have reached a verdict.  The special verdict form must be used only in connection with the charge I have just given to you.  The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations. The special verdict sheet reads as follows:

[READ THE INTERROGATORIES FROM THE SPECIAL VERDICT FORM]

#### B.  NOTE TAKING

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes.  Those notes should be used solely as aids to jog your memory.  You should not give your notes importance over your own independent recollection of the evidence.  The notes are not evidence in themselves and should not be shared with anyone else.  If you did not take notes, you should, of course, rely--as you would--on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors.  I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony was.

## C.  CONCLUSION

In a moment you will retire to begin your deliberations, and as you do, please be careful to listen to the opinions of other jurors as well as to ask for an opportunity to express your own views.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. No one holds center stage in the jury room or controls or monopolizes the deliberations.  Do not be afraid to express your views, and do not be afraid to change your views because of pride of opinion if you later become convinced that your original views were wrong.

While you should not give in because you are outvoted, please listen carefully though to the position taken by the other jurors in attempting to facilitate the course of justice by reaching a unanimous verdict.  You cannot, however, surrender your own good conscience toward that end if you do not in good conscience agree with the other jurors.  Justice through trial must always depend upon the willingness of each individual juror to seek the truth as to the facts.

Now, here in federal court, your verdict must be unanimous, and it must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each of you agree to it.  Until a verdict is agreed to by each juror, it is not a unanimous verdict.

You are about to go into the jury room to begin your deliberations.  You will have all the exhibits, the verdict form, and a copy of these instructions with you.  During your deliberations, if you have any questions, or if you want to hear any of the testimony played back for you, you will be brought back into the courtroom.  Please remember that it is not always easy to locate what you might want, so if you wish to hear testimony, be as specific

as possible in your request.

Your requests for testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to one of the marshals. I must also caution you that, in your communications with the Court, you should never specify how the jury stands--for example, your numerical division or otherwise. I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. After you have retired to begin your deliberations, you are not to leave the jury room without first notifying the marshal, who will escort you. And, no deliberations may take place without all jurors being present. When you have reached your verdict, inform the clerk, Carol Sanders, through the marshal. Then you will return to the courtroom and announce your verdict.

It is proper to add a _final_ caution: Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you.

**Counsel may approach the bench. "Exceptions or additions?"**

Alright, members of the jury, this is an important case. Every case is important to the parties who are involved in it, and this case is no exception. It is your duty to reach a verdict without being affected by any sympathy, bias, or prejudice. All of the parties want you to make a decision, and all of them want that decision to be a fair one. Although any party naturally hopes that it will receive a verdict in its favor, everyone is looking for a final and fair

29

decision. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you.

The jury may retire.